<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

| | | |
|---|---|---|
| _____ : | | |
| TRAVELODGE HOTELS, INC., a : | | |
| Delaware corporation, : | | |
| : | | |
| Plaintiff, : | Civil Action No. 06-3543 (JAG) |
| : | | |
| v. : | **OPINION** |
| : | | |
| MANGAT HOUSTON RACE TRACK, : | | |
| LLC and HARDIAL SINGH MANGAT, : | | |
| an individual and d/b/a MANGAT : | | |
| HOUSTON RACE TRACK, : | | |
| : | | |
| Defendants. : | | |
| _____: | | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion to dismiss of Defendants Mangat Houston Race Track ("MHRT") and Hardial Singh Mangat, an individual, and d/b/a Mangat Houston Race Track, ("Mangat") (collectively, "Defendants"), pursuant to FED. R. CIV. P. 12(b)(2), for lack of personal jurisdiction, and FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a), for improper venue. Defendants, in the alternative, move to transfer this action to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motions will be denied.

1

**BACKGROUND**

I.    **Factual Background**

Plaintiff Travelodge Hotels, Inc. ("Plaintiff" or "THI"), a Delaware corporation, operates a guest lodging franchise with its principal place of business in Parsippany, New Jersey. (Complaint ("Compl.") ¶ 1; Id., Ex. A.)  MHRT is a corporation organized under the laws of Texas.  (Id. ¶ 2.)  Mangat is a citizen of Texas and a principal of MHRT.  (Id. ¶ 3.)

Around December 19, 1997, THI and MHRT entered into a 15-year License Agreement (the "Agreement"), in which MHRT agreed to operate a guest lodging facility (the "Facility") under the name "Travelodge" and would periodically make payments to THI for charges for royalties, taxes, and other fees.  (Id. ¶¶ 9-11.)

In accordance with § 11.2 of the Agreement, THI could terminate the Agreement if MHRT did not operate the Facility as a "Travelodge" or "Thriftlodge."  (Id. ¶ 14.)  To insure MHRT's obligations under the Agreement, Mangat signed a Guaranty.[1]  (Id. ¶ 17; Id., Ex. B.) Section 17.4 of the Agreement is entitled "Remedies" and states in relevant part:

> [MHRT] consent[s] and waive[s] [its] objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies arising under this Agreement or between [THI] and [MHRT].

(Id., Ex. B.)  Section 17.5 of the Agreement states that the Agreement "will be governed by and construed under the laws of the State of New Jersey."  (Id., Ex. A.)  The Guaranty incorporated § 17 of the Agreement, stating that the parties "acknowledge that Section 17 of the Agreement,

---

[1] The Guaranty is a document, signed by the parties, that binds Mangat, individually, and set forth certain specified obligations.

including Sections 17.4 (Remedies, Choice of Venue[,] and Consent to Jurisdiction) and 17.6 (Waiver of Jury Trial), applies to this Guaranty."  (<u>Id.</u> ¶¶ 7-8; <u>Id.</u>, Ex. B.)

  In a letter dated September 5, 2003, THI informed MHRT that it had learned that MHRT ceased operating the Facility as a "Travelodge," in violation of the Agreement.  (<u>Id.</u> ¶ 21; <u>Id.</u>, Ex. C.)  THI sent MHRT a letter in which THI stated that it would consider the Agreement terminated unless MHRT confirmed that the Facility remained a "Travelodge" by September 9, 2003.  (<u>Id.</u> ¶ 21.)  MHRT failed to respond by September 9, 2003, and THI subsequently terminated the Agreement.  (<u>Id.</u>)

  THI confirmed the termination in a letter to MHRT, dated November 5, 2003.  (<u>Id.</u> ¶ 22.) In this letter, THI notified MHRT that, pursuant to the Agreement, and due to MHRT's premature termination, MHRT would be required to pay more than $90,000 in liquidated damages and other outstanding damages.  THI calculated these fees in accordance with § 12.1 of the Agreement.  (<u>Id.</u> ¶¶ 22, 30; <u>Id.</u>, Ex. E.)

  On August 1, 2006, Plaintiff, pursuant to § 17.4 of the Agreement, filed a diversity suit in this Court against Defendants for damages stemming from the breach of contract.  On October 30, 2006, Defendants filed their answer and these motions, relying on § 17.4 of the Agreement.  Defendant Mangat also alleged that § 17.4 did not apply to the Guaranty.

<strong><u>DISCUSSION</u></strong>

**I.**  <u>**Section 17.4 Applies to Mangat**</u>

  This Court must first address whether the Guaranty subjects Mangat to § 17.4 of the Agreement in order to determine whether the claim against Mangat is justiciable in this Court. This is a matter of contract interpretation.  Under New Jersey contract law, a writing is to be

3

given a reasonable interpretation.  <u>Borough of West Caldwell v. Borough of Caldwell</u>, 26 N.J. 9, 25 (1958).

The Guaranty states, in relevant part, "[w]e acknowledge that Section 17 of the Agreement, including Sections 17.4 (Remedies, Choice of Venue[,] and Consent to Jurisdiction) and 17.6 (Waiver of Jury Trial), applies to this Guaranty."  (Compl., Ex. B.)  Section 17.4 is entitled "Remedies" and states in relevant part:

> [MHRT] consent[s] and waive[s] [its] objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies arising under this Agreement or between [THI] and [MHRT].

(<u>Id.</u>)

Mangat asserts that because § 17.4 is entitled "Remedies" and does not mention "Choice of Venue" or "Consent to Jurisdiction," the Guaranty could not incorporate provisions embodying a "Choice of Venue" or "Consent to Jurisdiction" since those sections do not exist in the Agreement.

This Court does not find the Agreement susceptible to Mangat's interpretation.  Despite being entitled "Remedies," § 17.4 contains the clear language of a forum selection clause, which is unequivocally incorporated under the Guaranty.  It is certainly reasonable to conclude that the language of § 17.4 applies to Mangat, including the forum selection clause.  Indeed, it is the most reasonable interpretation of the Guaranty.  Equally unavailing is Mangat's argument that § 17.4 only refers, and applies, to MHRT, and, not he.  There is no rational basis for this conclusion.

The Guaranty unambiguously incorporates § 17.4.  Specifically, the Guaranty states, "[w]e acknowledge that Section 17 of the Agreement, including Sections 17.4 (Remedies,

4

Choice of Venue[,] and Consent to Jurisdiction) and 17.6 (Waiver of Jury Trial), applies to this

Guaranty." (Compl., Ex. B.) Mangat is a signatory to the Guaranty, in his individual capacity,

and he is bound by its terms.

Section 17.4 is a forum selection clause. The language of the Guaranty incorporates §

17.4. This Court finds that § 17.4 applies to both Defendants.

## II.   <u>Personal Jurisdiction</u>

A federal court sitting in diversity must conduct a two-step analysis to ascertain whether

personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to

determine if personal jurisdiction is permitted over the defendant. Second, the court must

determine whether the exercise of jurisdiction violates Due Process of the Fourteenth

Amendment. <u>IMO Indus., Inc. v. Kiekert AG</u>, 155 F.3d 254, 259 (3d Cir. 1998); <u>Vetrotex</u>

<u>Certainteed Corp. v. Consol. Fiber Glass Products Co.</u>, 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry is collapsed into a single step because New Jersey's long arm

statute permits the exercise of personal jurisdiction to the fullest limits of due process, as

defined under the Constitution of the United States. As such, federal law defines the parameters

of this Court's in personam jurisdiction. <u>IMO Indus., Inc.</u>, 155 F.3d at 259. The Fourteenth

Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where

"the defendant purposefully avails itself of the privilege of conducting activities within the

forum State, thus invoking the benefits and protections of its laws." <u>Burger King Corp. v.</u>

<u>Rudzewicz</u>, 471 U.S. 462, 475 (1985) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235 (1958)). It is

the burden of the plaintiff to prove that the defendant has purposefully availed itself of the

forum state. <u>Burke v. Quartey</u>, 969 F. Supp. 921, 924 (D.N.J. 1997).

Personal jurisdiction is a right that can be waived by the parties. <u>Insurance Corp. of</u>

5

Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  A forum selection clause in a contract is one way in which to effectuate this waiver.  Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315 (1963).

THI asserts that MHRT and Mangat waived any objections to personal jurisdiction in New Jersey by virtue of the forum selection clause in § 17.4 of the Agreement and the Guaranty. (Compl. ¶¶ 6-7.)  The clause states in relevant part, "[MHRT] consent[s] and waive[s] [its] objection to the non-exclusive personal jurisdiction . . . in the . . . United States District Court for the District of New Jersey . . . ."  In fact, Defendants do not dispute this point[2]; rather, Defendants allege that the forum selection clause is unenforceable.  This Court must address whether or not the forum selection clause is enforceable.

 "[I]n a federal forum, the enforceability of a forum selection clause is determined by a generally applicable federal law."  Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 201 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983), overruled on other grounds; Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989).  Thus, this Court must look to federal law in determining whether to enforce the forum selection clause in the Agreement.  The Supreme Court of the United States has held that "[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

 This rule reflects the principle that courts should enforce freely negotiated contract terms, and give effect to the legitimate expectations of the parties.  M/S Bremen, 407 U.S. at 12.

_____

[2] This Court recognizes that Mangat, individually, contests whether § 17.4 amounts to his waiver of personal jurisdiction in New Jersey.  Having already decided that it does, see supra Discussion Part I, Defendants do not further dispute whether the clause can be interpreted as a waiver of personal jurisdiction.

Expanding on this ruling, the Third Circuit has adopted the following three step test:

> [A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable.

Coastal, 709 F.2d at 202 (quoting M/S Bremen, 407 U.S. at 12-13).  A court may refuse to enforce a forum selection clause if any of the factors have been demonstrated.  Id.  The presumption to enforce a forum selection clause only applies, however, when the dispute falls within the scope of the clause.  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994).

Allegations of fraudulent conduct will not render a forum selection clause unenforceable unless Defendants specifically assented to the forum selection clause itself due to Plaintiff's fraudulent conduct.  Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974); Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 F. App'x 844, 847 (3d Cir. 2003).

Here, Defendants allege that the forum selection clause in § 17.4 of the Agreement is unenforceable because their assent to the clause itself was fraudulently induced.  (Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue to the Southern District of Texas ("Defs.' Mot. to Dismiss") ¶ 16.)  This Court rejects this argument because Defendants have not established that the forum selection clause was the result of fraud.  See Coastal, 709 F.2d at 202.  Also, Defendants fail to posit either of the remaining potential bases for invalidating a forum selection clause as set forth in Coastal.

When presented with the Agreement for his signature, Mangat "expressed concern

because it was so one-sided" and "complex and cumbersome."  (Affidavit of Hardial Singh

Mangat, for Mangat Houston Race Track, LLC ("Aff. Mangat") ¶ 5; Affidavit of Hardial Singh

Mangat, Individually ("Aff. Mangat Individ. ¶ 5. )  Mangat then acknowledged that "he was not

convinced by the promises of money, but by the representations . . . that Mangat Houston could

get out without any hassles or expense at the three year mark."  (Aff. Mangat Individ. ¶ 5.)

Defendants make no other factual allegations of fraud.

 Assuming, <u>arguendo</u>, that this allegation can be considered fraud, Defendants assert fraud

with respect to their assent to the Agreement as a whole, not the forum selection clause itself.  In

fact, in their brief, Defendants state that Plaintiff's misrepresentations and omissions led

Defendants to execute the "[Agreement] that contained the waiver."  (Defendants Mangat

Houston Race Track, LLC & Hardial Singh Mangat's Objections &, Subject thereto, Brief in

Reply to Travelodge Hotels Inc.'s Brief in Opposition to Defendants' Motion to Dismiss or in the

Alternative, to Transfer Venue ("Defs.' Reply Br.") ¶ 75.)[3]  As set forth above, the forum

selection clause will not be declared unenforceable unless the Defendants assented to the forum

selection clause itself due to Plaintiff's fraudulent conduct.  <u>See</u> <u>Scherk v. Alberto-Culver Co.</u>,

417 U.S. 506, 519 n.14 (1974) (a forum selection clause in a contract will not be declared

unenforceable unless the inclusion of that clause in the contract was the product of fraud);

<u>Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A.</u>, 65 F. App'x 844, 847 (3d Cir. 2003)

(same).

 Other district courts have interpreted <u>Scherk</u>, <u>Moneygram</u>, and their progeny in this

---

[3] Of course, factual allegations made in Defendants' brief cannot be an appropriate basis
for any factual arguments this Court may take into account in deciding the motions unless they
are also presented in an affidavit, certification, or the like.

manner, concluding that alleged fraud with respect to a contract, as a whole, will not suspend the operation of a forum selection clause.  See Pappalardo v. Advent Prod. Dev., No. 06-4697, 2007 WL 1296652, at *3 (D.N.J. Apr. 30, 2007); Re-Source American, Inc. v. Corning Inc., No. 06-3485, 2007 WL 174714, at *3-4 (D.N.J. Jan. 19, 2007) ("When a party asserts fraud or overreaching, that party must demonstrate that the forum-selection provision itself, not the entire contract, is a product of overreaching"); Magla Products, L.L.C. v. Chambers, No. 06-0115, 2006 WL 2846274, at *3 (D.N.J. Sept. 29, 2006).  The requirement that a party must allege fraud with respect to the forum selection clause itself ensures that the resolution of general fraud claims will occur in the contractually chosen forum, in accordance with the parties' expectations.  Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1296 (11th Cir. 1998), cert. denied, 525 U.S. 1093 (1999).

Even if Scherk, MoneyGram, and their progeny do not apply in this context, the allegations made by Defendants in their affidavits do not constitute fraud.[4]  Mangat alleges, specifically, that he was not induced into signing the Agreement by the promises of making money, but instead by the representation that the contract provided for termination at the three year mark without any need for lawyers or a lawsuit.  (Aff. Mangat Individ. ¶ 5.)

The essence of fraud is a false or misleading statement.  Gutman v. Howard Sav. Bank, 748 F. Supp. 254 (D.N.J. 1990).  The alleged statements made by the representatives of THI are not false or misleading because the statements are a part of the contract.  Section 18.2 of the contract states, in pertinent part:

---

[4] Because the Third Circuit has not spoken to the MoneyGram issue in a precedential opinion, this Court addresses the fraud argument directly as an independent method of analyzing this argument.

> [Mangat] may terminate the License without cause or penalty effective only on the third anniversary of the Opening Date provided you give [THI] at least six months prior written notice of termination and you are not in default under this Agreement at the time notice must be given or at the effective date . . .

(Compl., Ex. A).  Mangat alleges that he was induced into signing the Agreement because he was told that it included a termination provision at the three year mark.  That clause is in the contract.  The alleged fraudulent statements are not false or misleading.

The forum selection clause is an enforceable waiver of personal jurisdiction in New Jersey as to both Defendants.  Also, Defendants have not alleged any statements by Plaintiff that could constitute fraud.  Accordingly, Defendants' motion, pursuant to FED. R. CIV. P. 12(b)(2), is denied.[5]

## III.    Venue

28 U.S.C. § 1391(a) provides that venue is proper in a district for an action based solely on diversity jurisdiction: (1) where the defendant resides, (2) where a substantial part of the events occurred that give rise to the claim, or, in the event that neither (1) nor (2) is proper, (3) where the defendant is subject to personal jurisdiction.  As in the case of personal jurisdiction, venue can be waived.  McCoy v. Siler, 205 F.2d 498 (3d Cir. 1953).

THI asserts that venue is proper in this Court because the forum selection clause in § 17.4 of the Agreement is a waiver, by both Defendants, of objections to venue in this Court.  (Compl. ¶ 8.)  The clause states, in relevant part, "[MHRT] consent[s] and waive[s] [its] objection to . . . venue in the . . . United States District Court for the District of New Jersey . . . ."  Defendants

---

[5] Defendants also state that the forum selection clause should not be enforced because the clause, as written, is unconscionable.  Defendants do not set forth any argument to support this legal conclusion.  This Court will not entertain Defendants' argument when no basis for the relief sought is stated.  The motion to dismiss on this ground is also denied.

rely on 28 U.S.C. § 1391(a) and argue that venue is improper because Defendants reside in Texas and a substantial part of the events giving rise to this litigation occurred in Texas.  (Defs.' Mot. to Dismiss ¶¶ 20-21.)  This Court need not address this contention.

Defendants waived any objections to venue, under 28 U.S.C. § 1391(a), in this Court, pursuant to § 17.4 of the Agreement.  Since this Court has already concluded that the forum selection is enforceable, see supra Discussion Part III, venue in this Court is proper.

Therefore, Defendants' motion, pursuant to FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a), is denied.

## IV.   Transfer

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden of establishing the need for transfer lies with the movant.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The decision whether to transfer a given action is within the sound discretion of the trial court.  Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

In exercising such discretion, a district court is free to consider "all relevant factors," and the Third Circuit directs district courts to a list of private and public interest factors that closely mirror those in Gulf Oil v. Gilbert, 330 U.S. 501, 504 (1947).  Jumara, 55 F.3d at 879.  The private factors to consider include: plaintiff's choice of forum, defendant's preference, where the claim arose, the convenience of parties and witnesses, and the location of books and records.  Id.  The public factors to consider include: relative court congestion, practical considerations that would expedite the trial, any local interest in deciding localized controversies, and the trial

11

judge's familiarity with another forum's laws in a diversity case.  Id.  Despite the existence of these factors, there is no definitive list of factors that the court must consider.  Id.

The courts should place great weight on valid forum selection clauses.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (stating that a forum selection clause is a "significant factor that figures centrally in the district court's calculus").  Although a valid forum selection clause is not dispositive, it is entitled to substantial consideration.  Cadapult, 98 F. Supp. 2d at 564 (citing Jumara, 55 F.3d at 880).

Defendants request a transfer of forum to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a).  Defendants allege that litigating this dispute in New Jersey would deprive them of their day in court.  (Defs.' Mot. to Dismiss ¶ 23.)  This Court must weigh the relevant various private and public factors set forth by the Third Circuit in order to make this determination.  See Jumara, 55 F.3d 873, 879 (3d Cir. 1995).

Upon consideration of these factors, this Court concludes that this matter should not be transferred to the Southern District of Texas.

> **A.**   **Private Factors**

> 1.   Plaintiff's Choice of Forum and the Forum Selection Clause

THI filed suit in New Jersey, as it is the location of its principal place of business and the forum selection clause designates this Court as a proper forum.  "[A] plaintiff's choice of a proper forum is a paramount consideration" in any transfer analysis.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971).  However, the plaintiff's choice of forum is only one factor for the court to consider.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988).

The parties disagree over the weight to be given to the forum selection clause. Defendants argue that the term "non-exclusive" in the forum selection clause "suggests that [MHRT] would not be precluded from seeking another, more appropriate venue." (Defs.' Reply Br. ¶ 18.)[6]  To be more precise, Defendants contend that the forum selection clause is permissive, not mandatory.

Plaintiff does not distinguish between permissive and mandatory forum selection clauses in determining the weight to be given to the clause under § 1404(a).  Rather, Plaintiff argues the clause should be given significant weight.  (Travelodge Hotels Inc.'s Brief in Opposition to Defendants' Motion to Dismiss or in the Alternative, to Transfer Venue ("Pl.'s Opp'n Br.") Point II, A, 14-16.)

Courts are in disagreement over whether permissive forum selection clauses are subject to less consideration than mandatory ones when determining whether to transfer under § 1404(a). Compare Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 125 (S.D.N.Y. 1995) ("permissive nature of the forum selection clause need not affect the weight it is given"), with Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, No. 05-2309, 2006 WL 1675067, at *2 (D.N.J. June 15, 2006) (non-exclusive forum selection clause "lessens its determinative effect").

This Court concludes that the forum selection clause at issue is permissive.  The forum selection clause clearly states that New Jersey is a "non-exclusive" forum, which is indicative of

---

[6] Defendants would not be precluded from seeking transfer under § 1404(a) even if the forum selection clause stated that New Jersey was the exclusive forum for this dispute.  See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) (applying § 1404(a) to a mandatory forum selection clause).

the fact that litigation could be brought in another state.  Regardless of the exact consideration to

be given to a permissive forum selection clause under § 1404(a), the clause here clearly weighs

against transfer.

2.      <u>Where the Claim Arose and Convenience of Parties and Witnesses</u>

Defendants assert, <u>inter</u> <u>alia</u>, that the case should be transferred because: (a) the operative

facts of the case occurred in Texas, (b) all of the documents sought by Plaintiff are in Texas, and

(c) key witnesses, particularly, Mangat's wife, are in Texas and may not be able to travel to New

Jersey.  (Defs.' Mot. to Dismiss ¶ 23; Aff. Mangat ¶¶ 3, 9, 11.)  Mangat contends that his wife

would have to run the business and would be unable to testify if litigation occurred in New

Jersey.  (Aff. Mangat ¶ 9.)

Although all of Defendants' documents are in Texas, Defendants have made no showing

as to why these documents could not be transported to New Jersey or electronically produced.

Further, this is not complex litigation.  There are a limited number of documents, which by their

sheer number would not pose a hardship.  Also, there is no substance to Defendants' argument

that their witnesses may not be able to travel to New Jersey.  This is a general burden borne by all

parties in litigation, and Defendants cite to no infirmity or other valid inconvenience.  Defendants

have failed to adduce any specific reason as to why a particular witness, aside from Mangat's

wife, would not be able to testify in New Jersey.

Plaintiff suggests that Defendants have waived their right to assert their own convenience

by assenting to the forum selection clause.  (Pl.'s Opp'n Br. Point II, B, 17.)  Plaintiff quotes

<u>Plum Tree, Inc. v. Stockment</u>, 488 F.2d 754, 758 n.7 (3d Cir. 1973), for the proposition that "a

valid forum selection agreement may be treated as a waiver by the moving party of its right to

14

assert its own convenience as a factor favoring a transfer . . . ."  However, in the same footnote, the <u>Plum Tree</u> Court acknowledged that whether or not a forum selection clause amounts to such a waiver is dependent on whether the clause is mandatory or permissive.  <u>Id.</u>

In light of the permissive forum selection clause at issue in this case, this Court declines to simply treat the clause as a waiver of Defendants' right to assert their own convenience.

This Court acknowledges that, <u>inter alia</u>: (a) Defendants have never been to New Jersey, (b) Plaintiff sought out Defendants in Texas, (c) the Agreement was signed in Texas, and (d) the franchise hotel was located in Texas.  Indeed, Texas may be the forum that is the "center of gravity" for this dispute.  <u>Park Inn Int'l, L.L.C., v. Mody Enter., Inc.</u>, 105 F. Supp. 2d 370, 378 (D.N.J. 2000).  However, this Court shall not simply give deference to Defendants' preference for Texas as the forum for this litigation.

**B.    <u>Public Factors</u>**

1.    <u>Choice of Law</u>

"Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy."  <u>North Bergen Rex Trans., Inc. v. Trailer Leasing Co.</u>, 158 N.J. 561, 568 (1999) (quoting <u>Instructional Sys., Inc. v. Computer Curriculum Corp.</u>, 130 N.J. 324, 341 (1992)).  The parties do not dispute, at this time, that, pursuant to § 17.5 of the Agreement, New Jersey law governs this dispute.  Presumably, New Jersey law will govern this dispute.  This Court is an appropriate forum for the interpretation and application of New Jersey law.  The choice of law factor weighs against transfer.

2.    Localized Interest

New Jersey has an interest in trying a case involving allegations that one of its citizens was the victim of a breach of contract.  Texas also has an interest in protecting one of its citizens from alleged unlawful conduct.  This factor does not weigh in favor of either party.

This Court recognizes that Defendants may be inconvenienced by having to litigate in New Jersey.  However, Plaintiff would bear a similar burden if transfer were granted.  This Court is not willing to simply shift the burden to Plaintiff.[7]  The forum selection clause is a manifestation of the parties' assent to the fact that litigation in this Court would be proper.  This Court is cognizant of the fact that some valid factors may weigh in favor of transfer.  However, these factors are insufficient to outweigh the presumption set forth in the forum selection clause.

This Court finds that the consideration of both the public and private factors, in toto, favor denying transfer to the United States District Court for the Southern District of Texas.

## CONCLUSION

For the reasons set forth above, Defendants' motions will be denied.  This Court finds that the Guaranty unambiguously incorporated § 17 of the Agreement, subjecting Mangat to personal jurisdiction and venue in this Court.  Further, this Court finds that the forum selection clause is enforceable as to both Defendants.  Finally, this Court finds that it would not be in the interest of justice to transfer this matter.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 24, 2007

---

[7] Although Defendants insinuate that it would be easier for Plaintiff to travel to Texas to litigate as opposed to Defendants traveling to New Jersey to litigate, this Court's inquiry is not dependent on satisfying the party that would potentially be most burdened.